**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

FILED IN OPEN COURT
FEB 19 2025
CHRISTOPHER EKMAN
CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **CRIMINAL NO. 24-172-CG** |
| | ) | |
| ISHMELL JARAH WILLIAMS | ) | |

## PLEA AGREEMENT

The defendant, **ISHMELL JARAH WILLIAMS,** represented by his counsel, and the

United States of America have reached a plea agreement in this case, pursuant to Rule 11 of the

Federal Rules of Criminal Procedure, the terms and conditions of which are as follows:

## RIGHTS OF THE DEFENDANT

1.     The defendant understands his rights as follows:

   a.     To be represented by an attorney;

   b.     To plead not guilty;

   c.     To have a trial by an impartial jury;

   d.     To confront and cross-examine witnesses and to call witnesses and

          produce other evidence in his defense; and

   e.     To not be compelled to incriminate himself.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

2.     The defendant waives rights b through e, listed above, and pleads guilty to Count

1 of the Indictment, charging a violation of Title 18, United States Code, Section

922(o), unlawful possession/transfer of a machinegun.

1

Rev. 9/2021

3.  The defendant understands that the statements he makes under oath in the plea of guilty must be completely truthful and that he can be prosecuted for making false statements or perjury, or receive a perjury enhancement at sentencing, for any false statements he makes intentionally in this plea of guilty.

4.  The defendant expects the Court to rely upon his statements here and his response to any questions that he may be asked during the guilty plea hearing.

5.  The defendant is not under the influence of alcohol, drugs, or narcotics. He is certain that he is in full possession of his senses and is mentally competent to understand this Plea Agreement and the guilty plea hearing which will follow.

6.  The defendant has had the benefit of legal counsel in negotiating this Plea Agreement. He has discussed the facts of the case with his attorney, and his attorney has explained to the defendant the essential legal elements of the criminal charge which has been brought against him. The defendant's attorney has also explained to the defendant his understanding of the United States' evidence and the law as it relates to the facts of his offense.

7.  The defendant understands that the United States has the burden of proving each of the legal elements of the criminal charge beyond a reasonable doubt. The defendant and his counsel have discussed possible defenses to the charge. The defendant believes that his attorney has represented him faithfully, skillfully, and diligently, and he is completely satisfied with the legal advice of his attorney.

8.  A separate document, entitled Factual Resume, will be submitted to the Court as evidence at the guilty plea hearing. The Factual Resume is incorporated by reference into this Plea Agreement. The defendant and the United States agree

2

that the Factual Resume is true and correct. Alterations to the Plea Agreement or Factual Resume initialed only by the defendant and his counsel are not part of this agreement and are not agreed to by the United States.

9. This plea of guilty is freely and voluntarily made and is not the result of force, threats, promises, or representations, apart from those representations set forth in this Plea Agreement. There have been no promises from anyone as to the particular sentence that the Court will impose. The defendant is pleading guilty because he is guilty.

10. The defendant also knowingly and voluntarily waives all rights, whether asserted directly or through a representative, to receive from the United States after sentencing any further records, reports, or documents pertaining to the investigation or prosecution of this matter. This waiver includes, but is not limited to, rights under the Freedom of Information Act and the Privacy Act of 1974.

## PENALTY

11. The maximum penalty the Court could impose as to Count 1 of the Indictment is:

   a. Up to 10 years imprisonment;

   b. A fine not to exceed $250,000;

   c. A term of supervised release of at least 3 years, which would follow any term of imprisonment. If the defendant violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

   d. A mandatory special assessment of $100.00; and

3

Rev. 9/2021

e.    Such restitution as may be ordered by the Court.

## SENTENCING

12.    The Court will impose the sentence in this case. The United States Sentencing Guidelines are advisory and do not bind the Court. The defendant has reviewed the application of the Guidelines with his attorney and understands that no one can predict with certainty what the sentencing range will be in this case until after a pre-sentence investigation has been completed and the Court has ruled on the results of that investigation. The defendant understands that at sentencing, the Court may not necessarily sentence the defendant in accordance with the Guidelines. The defendant understands that he will not be allowed to withdraw his guilty plea if the advisory guideline range is higher than expected, or if the Court departs or varies from the advisory guideline range.

13.    The defendant understands that this Plea Agreement does not create any right to be sentenced in accordance with the Sentencing Guidelines, or below or within any particular guideline range, and fully understands that determination of the sentencing range or guideline level, or the actual sentence imposed, is solely the discretion of the Court.

14.    The United States will provide all relevant sentencing information to the Probation Office for purposes of the pre-sentence investigation. Relevant sentencing information includes, but is not limited to, all facts and circumstances of this case and information concerning the defendant's conduct and background.

15.    Both the defendant and the United States are free to allocute fully at the time of sentencing.

Rev. 9/2021

16.    The defendant agrees to tender $100.00 to the U.S. District Court Clerk in satisfaction of the mandatory special assessment in this case.  The United States reserves the right to withdraw any favorable recommendations it may agree to within this document if the defendant fails to pay the special assessment prior to or at the time of his sentencing.

## RESTITUTION

17.    Pursuant to 18 U.S.C. §§ 3556 and 3663(A), restitution is mandatory.  The defendant agrees to make full restitution in an amount to be determined by the Court at sentencing.

## FORFEITURE

18.    The defendant agrees to forfeit to the United States any right, title, and interest in all assets subject to forfeiture under the notice of forfeiture contained in the charging document, including property specified in any bill of particulars and property previously seized by the government for administrative, civil, or criminal forfeiture. The defendant further consents to the filing of a motion for a preliminary order forfeiting such property and any dollar amount specified in the notice of forfeiture or bill of particulars, and the defendant confesses the requisite nexus between the property and the charge of the conviction. The defendant hereby withdraws any petition for remission or claim for such property for such property and further waives any right to contest or appeal the government's forfeiture proceedings for any reason, including on grounds that the forfeiture constitutes an unconstitutionally excessive fine or punishment, and in any manner, including by claim, petition, appeal or collateral attack.

Rev. 9/2021

## FINANCIAL OBLIGATIONS

19.    The Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the Defendant agrees to disclose fully all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party.

## UNITED STATES' OBLIGATIONS

20.    The United States will not bring any additional charges against the defendant related to the facts underlying the Superseding Indictment and will move to dismiss any remaining charges against the defendant once sentence is imposed in this case.  This agreement is limited to the United States Attorney's Office for the Southern District of Alabama and does not bind any other federal, state, or local prosecuting authorities.

21.    The United States will recommend to the Court that the defendant be sentenced at the low end of the advisory sentencing guideline range as determined by the Court.

## LIMITED WAIVER OF RIGHT TO APPEAL AND WAIVER OF COLLATERAL ATTACK

22.    As part of the bargained-for exchange represented in this plea agreement, and subject to the limited exceptions below, the defendant knowingly and voluntarily

6

Rev. 9/2021

waives the right to file any direct appeal or any collateral attack, including a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Accordingly, the defendant will not challenge his guilty plea, conviction, or sentence in any district court or appellate court proceedings.

      a.    **EXCEPTIONS.** The defendant reserves the right to timely file a direct appeal challenging:

      (1)    any sentence imposed in excess of the statutory maximum;

      (2)    any sentence which constitutes an upward departure or variance from the advisory guideline range.

The defendant also reserves the right to claim ineffective assistance of counsel in a direct appeal or § 2255 motion.

23.    If the United States files a notice of appeal and such appeal is authorized by the Solicitor General, the defendant is released from the appellate waiver.

24.    The defendant further reserves the right to timely move the district court for an amended sentence under 18 U.S.C. § 3582 in the event of a future retroactive amendment to the Sentencing Guidelines which would affect the sentence.

25.    If the defendant receives a sentence within or below the advisory guideline range, this plea agreement shall serve as the defendant's express directive to defense counsel to timely file a "Notice of Non-Appeal" following sentencing, signed by the defendant.

Rev. 9/2021

## VIOLATION OF AGREEMENT

26.   The defendant understands that if he breaches any provision of this Plea Agreement, the United States will be free from any obligations imposed by this agreement, but all provisions of the agreement remain enforceable against the defendant. In the exercise of its discretion, the United States will be free to prosecute the defendant on any charges of which it has knowledge. In such event, the defendant agrees not to assert any objections to prosecution that he might have under the Sixth Amendment and/or Speedy Trial Act.

27.   In addition, if the defendant is released from detention prior to sentencing, he understands that the United States will no longer be bound by this agreement if he violates any condition of his release prior to sentencing or prior to serving his sentence after it is imposed.

## ENTIRETY OF AGREEMENT

28.   This document is the complete statement of the agreement between the defendant and the United States and may not be altered unless done so in writing and signed by all the parties.

Respectfully submitted,
SEAN P. COSTELLO
UNITED STATES ATTORNEY

Date: February 10, 2025          /s/ Jessica S. Terrill
                                 Jessica S. Terrill
                                 Assistant United States Attorney

8

Rev. 9/2021

Date: February 10, 2024                    /s/  Kacey Chappelear
                                           Kacey Chappelear
                                           Assistant United States Attorney
                                           Deputy Chief, Criminal Division

I have consulted with my counsel and fully understand all my rights with respect to the offense charged in the Indictment pending against me. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this agreement, and I voluntarily agree to it. I hereby stipulate that the Factual Resume, incorporated herein, is true and accurate in every respect, and that had the matter proceeded to trial, the United States could have proved the same beyond a reasonable doubt.

Date: 2/19/25                              _____
                                           Ishmell Jarah Williams
                                           Defendant

I am the attorney for the defendant. I have fully explained his rights to him with respect to the offense(s) charged in the Superseding Indictment in this matter. I have carefully reviewed every part of this Plea Agreement with him. To my knowledge, his decision to enter into this agreement is an informed and voluntary one. I have carefully reviewed the Factual Resume, incorporated herein, with the defendant and to my knowledge, his decision to stipulate to the facts is an informed, intelligent and voluntary one.

Date: 2/19/25                              _____
                                           Colin Fitzpatrick
                                           Attorney for Defendant

9

Rev. 9/2021

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **CRIMINAL NO. 24-172-CG** |
| | ) | |
| ISHMELL JARAH WILLIAMS | ) | |

## FACTUAL RESUME

The defendant, **ISHMELL JARAH WILLIAMS**, admits the allegations of Count One in the Indictment.

## ELEMENTS OF THE OFFENSE

**ISHMELL JARAH WILLIAMS** understands that in order to prove a violation of Title 18, United States Code, Section 922(o), as charged in Count One of the Indictment, the United States must prove:

First:        the defendant possessed a "machine gun"; and

Second:    the defendant knew it was a machine gun or was aware of the firearm's essential characteristics that made it a "machine gun" as defined.

## OFFENSE CONDUCT

Defendant, **ISHMELL JARAH WILLIAMS**, admits in open court and under oath that the following statement is true and correct and constitutes evidence in this case. This statement of facts is provided solely to assist the Court in determining whether a factual basis exists for **WILLIAMS'S** plea of guilty. The statement of facts does not contain each and every fact known to **WILLIAMS** and to the United States concerning the defendant's involvement in the charges set forth in the plea agreement.

1

Rev. 9/2021

In August 2024, SBI Special Agents along with an ALEA Trooper conducted a traffic stop on a vehicle driven by a person who will be identified here as a confidential source (CS). During the course of the stop, the CS was found to be in possession of an AR type firearm. Upon further investigation, the firearm was found to be equipped with a "drop-in" type device. An ATF Special Agent responded and assisted further with the investigation. The ATF Agent conducted a field examination of the firearm and found it to function as a machinegun. The Agent observed the device in the firearm to be 3D printed and gold in color. The device was not identified by a serial number as required by law.

Agents conducted an interview with the CS. During the interview, the CS identified a black male they only know as "Jarah" as the person from whom they obtained the device. The CS said Jarah resides in Evergreen, Alabama, and that they purchased the device at Jarah's residence. The CS was provided with a map, at which point they directed agents to Jarah's residence. The residence was identified as located in Evergreen, Alabama. An open-source records search identified black male **ISHMELL JARAH WILLIAMS** as being a probable resident at the location. The CS was provided with **WILLIAMS'S** Alabama driver's license photo, at which point they identified him as Jarah. The CS said they have previously contacted **WILLIAMS** on Facebook, but at the time of the interview, the CS was unable to locate the account or any corresponding communications.

After interviewing the CS, agents continued investigating **WILLIAMS**. Investigators located a Facebook page identified by vanity name "Smg Solja." Under the introduction section of the page, the name "SNAP.jarah1234" can be seen. The page identifies the account holder's employer as "MLK 4way" and pronunciation of the holder's name as "JA-rah WIL-yems."

2

The CS contacted the ATF Agent after the interview, and said they located Facebook Messenger communications with **WILLIAMS**. The ATF agent observed the account the CS communicated with to be **WILLIAMS'S** "Smg Solja" account. During October 2023, **WILLIAMS** sent the CS a picture depicting approximately twenty-five to thirty (25-30) gold in color AR type devices. The devices appeared to be the same as the device located in the CS's firearm. **WILLIAMS** also sent a video of a person who appears to be him, in which he can be seen discharging an AR type firearm that appears to be functioning as a machinegun. The CS was directed to contact **WILLIAMS** via Facebook Messenger, to inquire about an additional device. During the communication, the CS asked about metal devices, to which **WILLIAMS** confirmed he had some for sale.

On September 18, 2024, ATF requested a search of the NFRTR be conducted in reference to **WILLIAMS**. No records were located which identify firearms registered to **WILLIAMS**, or a license allowing him to manufacture or distribute NFA firearms.

On September 20, 2024, a federal search warrant for **WILLIAMS'S** residence was obtained. The search warrant was executed on September 24, 2024. Upon making entry into the residence, agents made contact with several occupants within the residence, including **WILLIAMS**. While securing the residence, agents observed a gold in color AR type device on a shelf in a bedroom which **WILLIAMS** later identified as his bedroom. The device was observed to be similar in every way to the device recovered from the CS.

During a search of the residence, law enforcement located several items of interest. A 3D printer loaded with gold in color filament was located in the living room. Forty-five (45) gold in color AR type devices were located in the hallway outside of **WILLIAMS'S** bedroom door. Additional 3D printed and metal AR type devices were located within **WILLIAMS'S** bedroom.

3

Additional items related to 3D printing were located inside the room, as well as a casting mold and casting sand for manufacturing metal products. An AR type pistol, an AK type rifle, several rounds of ammunition and firearm accessories were located within **WILLIAMS'S** bedroom. Law enforcement also found approximately four ounces of suspected marijuana, 1.6 grams of suspected methamphetamine, approximately thirty-five grams of suspected MDMA, and a scale within Williams's bedroom.

During the search of the residence, approximately seventy-four (74) 3D printed and metal devices were located. Law enforcement also located a furnace and other forging equipment under the carport, next to a door that opens into **WILLIAMS'S** bedroom. The recovered metal devices were found in various states of completion. Some of the metal devices included excess metal backing consistent with metal casting and would require trimming to become functional. Other metal devices were found to be complete and included markings consistent with the removal of excess metal formed during the casting process.

**WILLIAMS** was detained while the residence was searched. Special Agents conducted an interview with **WILLIAMS** during the search. Agents advised **WILLIAMS** of his *Miranda* rights, to which he said he understood and agreed to speak. **WILLIAMS** denied any knowledge of manufacturing or distributing any devices. **WILLIAMS** also initially denied knowledge of any devices within the residence. When confronted with the messages sent by the "Smg Solja" account, **WILLIAMS** denied sending them. **WILLIAMS** did admit that the 3D printer located within the residence is his. **WILLIAMS** first said he has not used the 3D printer in approximately five years, then later changed his statement to using it approximately two to three years ago. **WILLIAMS** said he uses the printer to make items such as "smoke rings" and gaming controller buttons. It should be noted, law enforcement located 3D printed smoke rings in **WILLIAMS's** bedroom,

4

which are the same color as the AR type device recovered from the CS and the additional devices located in **WILLIAMS'S** bedroom.

**WILLIAMS** made statements about his knowledge of devices and their functionality but said he has never discharged a firearm equipped with such a device. In reference to the 3D printed device located on the shelf in **WILLIAMS'S** room, **WILLIAMS** said he believes another individual placed the device in his room but refused to identify that individual. **WILLIAMS** also admitted to seeing devices in the past, including the device located on his shelf. **WILLIAMS** then said he paid known associate "Jr Boss" two-hundred dollars ($200.00) for the AR type device located on the shelf in his bedroom. **WILLIAMS** said he never used the device. **WILLIAMS** then described a time when he discharged a firearm that functioned as "burst fire." It should be noted that "burst fire" or "three round burst" firearms are also classified as machineguns.

An ATF Firearms Enforcement Officer provided the determination that the conversion devices found to be in possession of **WILLIAMS** are each a machine gun in that it meets the definition of a "machine gun" in 26 U.S.C. § 5845(b). The definition of a "machine gun" in 26 U.S.C. § 5845(b) also encompasses the "frame or receiver" and "parts" which may be used in converting or assembling a machine gun.

**WILLIAMS** admits he possessed a "machine gun."

**WILLIAMS** admits he knew it was a machine gun or was aware of the firearm's essential characteristics that made it a "machine gun" as defined.

> AGREED TO AND SIGNED.
>
> Respectfully submitted,
>
> SEAN P. COSTELLO
> UNITED STATES ATTORNEY

5

Date: February 10, 2025          /s/ Jessica S. Terrill
                                 Jessica S.Terrill
                                 Assistant United States Attorney


Date: February 10, 2025          /s/  Kacey Chappelear
                                 Kacey Chappelear
                                 Assistant United States Attorney
                                 Deputy Chief, Criminal Division


Date:                            Ishmell Jarah Williams
                                 Defendant


Date:                            Colin Fitzpatrick, Esq.
                                 Attorney for Defendant

6

Rev. 9/2021